## CIRCUIT COURT OF SCOTT COUNTY

Carrie Delle Counts,
an incompetent, etc.

v.

Mary Perry et al.

January 11, 1984

Case No. (Chancery) 2024

By JUDGE S. W. COLEMAN, III

The above styled bill of complaint was filed on behalf of the legal guardians of Carrie Delle Counts, who is *non compos mentis*, and by Virginia M. Counts, in her own right, seeking to quiet title and declare the validity of certain adverse claims which all or any of the defendants might have or assert to a certain tract of real estate consisting of 5.3 acres situate in Scott County, Virginia. The defendants are alleged to have asserted or be asserting an interest in the property by virtue of being descendants of Lula Meade and William Meade who are alleged to have an interest in the property by devise from Della J. Counts Porter.

The pertinent facts are that Della J. Counts Porter owned various real estate located in Scott County, Virginia, including among other parcels the 5.3 acre tract which is the subject of the case at bar. On December 19, 1959, Della J. Counts Porter executed her last will and testament which provided in pertinent part as follows:

> All of my estate both real and personal remaining after such payment I give and bequeath and devise to my daughter Lula and her husband William Meade to be used for the support of my youngest Daughter (Carrie Delle Counts). Such is my confidence in their fidelity and

> judgment that I believe the interest and welfare of my daughter (Carrie Delle) will be taken care of by leaving all I have in their hands.

Following the death of Della J. Counts Porter her will was admitted to probate in the Circuit Court of Scott County on February 25, 1966. Following the death of Della J. Counts Porter, Lula and William Meade lived in the residence on the 5.3 acre tract of property while caring for and maintaining Carrie Delle Counts. This arrangement continued until shortly before the death of Lula Meade on January 23, 1981, and William Meade on June 8, 1981. Following the deaths of Lula Meade and William Meade, both who died intestate, one or more of the heirs of Lula and William Meade have asserted an interest in the property and have attempted to execute deeds to their interest therein claiming that the will of Della J. Counts Porter devised a fee simple interest therein to Lula Meade and William Meade. The complainants contend that the will of Della J. Counts Porter devised the property to Lula Meade and William Meade in trust for the benefit of Carrie Delle Counts and that any adverse claim of the defendants which constitute a cloud upon her title should be removed.

The issue for this court to determine is whether Carrie Delle Counts or the heirs of Lula Meade and William Meade have a superior claim to title to the remaining property of Della J. Counts Porter. Initially, it would appear that a determination of the adverse claims would necessitate a construction of the will of Della J. Counts Porter. The complainants assert in their bill of complaint that the pertinent provisions in the will of Della J. Counts Porter which were hereinabove recited established a trust for the benefit of Carrie Delle Counts and merely designated Lula Meade and William Meade as trustees. However, the defendants contend in their answer that the will clearly devised all real and personal property of Della J. Counts Porter to Lula and William Meade with a precatory request that they use the property for the support of her youngest daughter Carrie Delle Counts. It would appear that the defendants further contend that the language, "such is my confidence in their fidelity and judgment that I believe the interest and welfare of my daughter (Carrie Delle) will be taken care of by leaving all I have in their hands" evidenced the intent

on behalf of the testatrix to devise her property to Lula Meade and William Meade in fee simple, rather than in trust, and merely expressed her confidence in the use which they would make of the property. The resolution of which of the competing claimants has superior title, does not alone depend upon a construction of the last will and testament of Della J. Counts Porter. On March 24, 1967, in the Circuit Court of Scott County a bill in chancery was filed styled *William Meade and Lula Meade, Co-Executors of the Last Will and Testament of Della J. Counts Porter, and in their own right v. Carrie Delle Counts, a non compos mentis, et al.*, which sought a construction of the will of Della J. Counts Porter, a determination as to whether the property devised to William Meade and Lula Meade was in trust or in fee simple, and for approval of the sale of all or a part of the real estate and that the court appoint William Meade and Lula Meade as trustees under the last will and testament of Della J. Counts Porter. By decree entered in the foregoing chancery proceeding on the 14th day of April 1967, a copy of which was made an exhibit to this proceeding, the court found as follows:

> it further appearing unto the court that under the terms of said last will and testament said real estate was devised and bequeathed unto Lula Meade and William Meade, to be used for the support of Carrie Delle Counts; and it further appearing unto the court and the court doth find that said lands were devised to the said Lula Meade and William Meade as trustees for the use and benefit of Carrie Delle Counts .... And the Court doth further adjudge, order and decree that Lula Meade and William Meade be and they are hereby appointed as Trustees for the use and benefit of Carrie Delle Counts and for the said Carrie Delle Counts.

Assuming arguendo, that the position taken by the defendants in their answer that the will did not establish a trust for the benefit of Carrie Delle Counts and William Meade and Lula Meade but rather devised all real and personal property to them to be used in their discretion for Carrie Delle Counts; nevertheless, any claim now being asserted by the defendants is without merit for

two reasons. First, even if the will of Della J. Counts Porter should properly be construed to devise an interest in fee simple to William Meade and Lula Meade, they undertook by their voluntary act to institute legal proceedings in the Circuit Court of Scott County seeking to have the devise declared in trust to them for the use and benefit of Carrie Delle Counts. Assuming that the will devised the property to William Meade and Lula Meade, they had the legal right, and did in fact, institute legal proceedings to have a trust established for the benefit of Carrie Delle Counts which would be binding upon them and their heirs. It should be noted that such action voluntarily instituted by William Meade and Lula Meade would be in furtherance of the confidence reposed in them by Della J. Counts Porter in undertaking to fulfil the precatory requests in the will, if such it were, to assure the implementation of the testatrix's desire to establish a trust through legal proceedings. The acts of Lula Meade and William Meade in voluntarily instituting the foregoing proceeding which established a trust, regardless of whether one was intended in the will, would be binding upon their heirs and the defendants herein cannot now be heard to complain of the voluntary acts of those through whom they now claim an interest in the property. Second, the construction of the will of Della J. Counts Porter as to whether such created a trust for Carrie Delle Counts or devised the property to William Meade and Lula Meade in fee simple was specifically submitted to and decided by the Circuit Court of Scott County by the decree of April 14, 1967, in the foregoing case of *William Meade and Lula Meade, etc. v. Carrie Delle Counts.* All parties which had or could assert an interest in the property by virtue of the will of Della J. Counts Porter were before the court and regardless of whether the adjudication was correct, such became a final and binding adjudication upon all parties thereto and their heirs. The defendants herein who are asserting a derivative claim by virtue of descent from William Meade and Lula Meade are collaterally estopped from assailing the prior determination and adjudication by a court with proper jurisdiction of the issue that the will of Della J. Counts Porter devised the property in trust for the benefit of Carrie Delle Counts. Accordingly, it is the ruling of the court that the relief requested in the bill of complaint should be granted. Counsel for the complainant

shall prepare an appropriate decree, including a provision that the guardians heretofore designated for Carrie Delle Counts also be appointed trustee to hold and manage the real estate devised unto her in trust under the will of Della J. Counts Porter.